CHATHAM et al. v. CATON et al.

Court of Appeals of Kentucky.

Feb. 26, 1954.

Charles S. Matherly, Harrodsburg, Raymond Connell, Paris, for appellants.

Phillips & Dean, Harrodsburg, for appellees.

WADDILL, Commissioner.

This controversy concerns the use of a passway over a small strip of land which

lies between the farms of the parties to the action. The Chancellor found that the land in question was owned by appellees and prohibited the appellants from using it as a passway.

Appellants assert that they, and their predecessors in title, had used the passway in question for over 30 years, and had thereby established a prescriptive right of passway over the land in question. However, Clell Adams, brother of the appellant, Sallie Adams, testified that prior to 1924, he owned the land now held by appellees, and that he and Sallie Adams jointly owned the land now held by the appellants. He stated that in 1924 he sold the land he owned individually to appellee, Arthur Caton, and later conveyed his interest in the farm now owned by the appellants, to the appellant, Elizabeth Chatham, and she and the appellant, Sallie Adams are now the owners thereof. He further stated that he had continued to live on the farm of the appellants until 1943

and that the passway in question was not open for use at that time. He further testified that Sallie Adams never claimed a passway over the farm of appellees, but that appellees had permitted the appellants to travel over their land as a matter of convenience. Other evidence tends to support appellees' theory of the case.

We think, under the pleading and proof the issue in this case was whether or not the appellants had used the passway under a claim of right for a sufficient length of time for it to have ripened into a prescriptive right. We observe that a jury decided the issue in appellees' favor. Of course the jury's verdict was only advisory in this character of case, but it does show that the Chancellor and the jury reached the same result.

After a careful consideration of the case we have no doubt as to the correctness of the Chancellor's findings.

Judgment affirmed.